**PACIFIC RELIANT INDUSTRIES, INC., Plaintiff–Appellant,**

v.

**AMERIKA SAMOA BANK, Defendant–Appellee.**

**No. 89–35006.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 11, 1990 *.

Decided April 11, 1990.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Christopher Bishop, Portland, Or., for plaintiff-appellant.

William H. Reardon, Pago Pago, American Samoa, for defendant-appellee.

Before WRIGHT, TANG and CANBY, Circuit Judges.

CANBY, Circuit Judge:

Pacific Reliant Industries, Inc., an Oregon corporation, sued the Amerika Samoa Bank, an America Samoa corporation, for failure to honor a letter of credit. The District Court for the District of Oregon dismissed the suit for lack of personal jurisdiction. We affirm.

## FACTS

Pacific Reliant Industries, Inc., ("Pacific"), sold building materials to Paradise Development Company, ("Paradise"), an American Samoa company owned and managed by Malua Hunkin. Pacific was reluctant to make several large deliveries, totaling more than one million dollars, without some protection against nonpayment or late payment. Hunkin sought a letter of credit from the Amerika Samoa Bank, ("ASB"). Representatives from Pacific, Paradise, and ASB met in American Samoa on two occasions to discuss the supply contract and the letter of credit. ASB issued an irrevocable standby letter of credit in favor of Pacific for up to $300,000 on Paradise's account. A few months later, an amendment to the letter of credit extended the expiration date. The first letter of credit was delivered to Pacific's representative in American Samoa. The amended letter of credit was either delivered in American Samoa or mailed to Oregon.

ASB is an American Samoa Corporation, a citizen of a territory. ASB does not solicit business in Oregon, and has no offices or employees there.

## ANALYSIS

1. Standard of Review

When the jurisdictional facts are not disputed, we review de novo the district court's determination regarding personal jurisdiction. *Brainerd v. Governors of the University of Alberta*, 873 F.2d 1257, 1258 (9th Cir.1989). We affirm the district court's factual findings regarding on juris-

dictional issues unless clearly erroneous. *Stock West, Inc. v. Confederated Tribes,* 873 F.2d 1221 (9th Cir.1989). Pacific must make a prima facie showing of personal jurisdiction to avoid dismissal. *Brainerd,* 873 F.2d at 1258. Pacific has not done so.

## 2. Personal Jurisdiction

Oregon law governs personal jurisdiction over ASB, a nonresident defendant in a diversity case. *See Sinatra v. National Enquirer, Inc.,* 854 F.2d 1191, 1194 (9th Cir.1988). Oregon's long-arm statute confers jurisdiction to the outer limits of due process under the United States Constitution. *State ex rel. Hydraulic Servocontrols, Inc. v. Dale,* 294 Or. 381, 384, 657 P.2d 211 (1982) (construing Or.R.Civ.P. 4L).

Due process requires that a defendant have minimum contacts with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945).

In order for Oregon to exercise specific jurisdiction over ASB: [1]

1) [ASB] must either:
—purposefully direct [its] activities or consummate some transaction with the forum or resident thereof; or
—perform some act by which [it] purposefully avails [it]self of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.
2) The claim must be one that arises out of or relates to the defendant's forum-related activities;
3) The exercise of jurisdiction must comport with fair play and substantial justice.

*Brainerd v. Governors of the University of Alberta,* 873 F.2d at 1259 (citing *Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir.1987)).

ASB is not subject to personal jurisdiction in Oregon simply because it issued a letter of credit in favor of an Oregon bene-ficiary. *See Empire Abrasive Equipment v. H.H. Watson, Inc., & Old Stone Bank,* 567 F.2d 554, 558 (3rd Cir.1977) (a non-resident bank that issued a letter of credit was not subject to suit in Pennsylvania, where the beneficiary resided and the goods originated); *Occidental Fire & Cas. Co. of N. Carolina v. Continental Ill. Nat'l Bank,* 689 F.Supp 564 (E.D.N.C.1988) (a non-resident bank was not subject suit in North Carolina when it dishonored a letter of credit to a resident beneficiary). *Cf. Paccar Int'l., Inc. v. Commercial Bank of Kuwait, S.A.K.,* 757 F.2d 1058 (9th Cir. 1985) (A beneficiary who tried to draw on a letter of credit was not subject to suit where the issuing bank was located).

Pacific notes that it suffered economic consequences in Oregon from its reliance on the dishonored letter of credit. However, every beneficiary, wherever located, suffers when a letter of credit is not honored.

> [A] letter of credit is closely akin to a cashier's check or other negotiable instrument issued by a bank ... The most important parties are the bank and its customer on whose behalf the letter of credit is issued. To be paid, the beneficiary—like the payee of a cashier's check—need only be properly identified and comply with the conditions stated in the letter of credit.

*Leney v. Plum Grove Bank,* 670 F.2d 878, 881 (10th Cir.1982) (improper to "subject any bank that issues a letter of credit to suit in any state in which the bank ... expect[ed] the credit to be used to buy goods or real estate").

Pacific argues that this case is not typical of other letter of credit cases because ASB participated in forming the underlying contract, had personal contact with the beneficiary (Pacific), and knew that Pacific would not extend credit or ship goods from Oregon without the letter of credit.

---

**1.** Plaintiff does not argue that ASB has sufficient activity in Oregon to be subject to general jurisdiction.

ASB issued its letter of credit on the account of a customer, Paradise. Unlike a guarantor's obligation, ASB's "obligation under the letter of credit is independent of the underlying sales contract" between Paradise and Pacific. *See H. Ray Baker, Inc. v. Associated Banking Corp.*, 592 F.2d 550, 553 (9th Cir.1979). In *H. Ray Baker*, we held that California could not exercise personal jurisdiction over a Philippine bank that had issued a letter of credit to California businesses. Negotiations for the underlying sales contract occurred in California, but negotiations for the letter of credit occurred in the Philippines. The letter of credit specified that a New York bank would be the paying bank. We found that the Philippine bank could not "reasonably have expected the issuance or negotiation of this letter to have effects in California that would make it fair to require it to defend this suit there." *Id.* at 553.

Here, both the negotiations for the underlying contract and the letter of credit occurred in American Samoa. Pacific sent a representative to American Samoa to sell building materials. That representative prompted the buyer to obtain a letter of credit from its local bank, ASB. Although Pacific's representative participated in the negotiations to obtain that letter of credit, the letter of credit is independent of the underlying sales contract. ASB did not initiate the transactions between itself, Paradise, or Pacific. Nor did ASB take any significant actions in Oregon. ASB did not invoke the benefits and protections of Oregon law and could not reasonably have expected to be haled into court there. We conclude that ASB's conduct as an issuing bank of a letter of credit does not subject it to suit in Oregon, the residence of the beneficiary and the shipping point for the ordered goods.

AFFIRMED.