**MENDOCINO BREWING COMPANY, a California limited partnership, Plaintiff,**

v.

**BRIDGEPORT BREWING CO., INC., an Oregon Corporation, Defendant.**

**No. C–90–0270 SAW.**

United States District Court, N.D. California.

April 26, 1990.

Richard Collier, Andrew Bridges, Farella, Braun & Martel, San Francisco, Cal., for plaintiff.

Roselyn S. Sands, Proskauer, Rose, Goetz & Mendelsohn, San Francisco, Cal., Lisa C. Brown, McEwen, Gisvold, Rankin & Stewart, Portland, Or., for defendant.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

Plaintiff and defendant both produce a beer named "Blue Heron Pale Ale." Plaintiff, a California limited partnership, produces its beer in Mendocino, California, and defendant, an Oregon corporation produces its beer in Portland, Oregon. Plaintiff sues defendant, *inter alia,* for infringement of its California trademark. Plaintiff moves for a preliminary injunction enjoining defendant from, among other things, using the "blue heron" marks. Defendant moves to dismiss on the ground that this Court lacks personal jurisdiction over it. Defendant also moves to strike declarations filed by plaintiff.

### I.

Plaintiff asserts that the Court has personal jurisdiction over defendant on the specialized theory that defendant is subject to the "limited" personal jurisdiction of the Court because defendant "purposefully availed" itself of the benefits of the forum state. *See Haisten v. Grass Valley Med. Reimbursement Fund,* 784 F.2d 1392, 1397 (9th Cir.1986). Plaintiff does not assert that the Court has general personal jurisdiction over defendant. Defendant has no real contacts with the forum state.[1]

Rather, plaintiff argues on the basis of *Calder v. Jones,* 465 U.S. 783, 791, 104 S.Ct. 1482, 1488, 79 L.Ed.2d 804 (1984), that the following actions of defendant constitute intentional foreign acts having the effect of harming plaintiff in the forum state. First, plaintiff alleges that defen-

dant advertised its "blue heron pale ale" in the *Cascade Beer News* which plaintiff alleges is distributed in California. Defendant, however, has supplied sworn affidavits indicating that the *Cascade Beer News* is printed in Portland, Oregon and has been distributed only in Oregon and Washington, except for approximately ten copies which the editor of that publication sent to breweries on a complimentary basis to induce them to buy advertising space in the publication in the future. Second, plaintiff complains that articles about defendant's beer have appeared in the San Francisco edition of the *New York Times* and the west coast edition of *Travel and Leisure,* which is circulated in California. Defendant, however, contends that these articles should not subject them to personal jurisdiction in California because they have no control over who writes an article about them. Defendant's contention makes sense. Third, plaintiff argues that defendant caused harm to plaintiff in California by creating confusion among customers over the two parties' products when defendant, at some time in the past, changed the name of its beer from "blue heron bitter ale" to "blue heron pale ale." Defendant contends that it did not change the name of its beer to harm plaintiff but instead did so because "pale ale" is the technically correct name for bottled draught bitter beers. Fourth, plaintiff argues that defendant caused harm to plaintiff in California by applying for and receiving a federal trademark, knowing that it was not entitled to one. It is not clear, however, that defendant was not entitled to such a trademark, nor that it constituted purposeful activity which caused wrongful harm to plaintiff in California.

Therefore, these facts do not sufficiently present acts purposefully directed by defendant to have effect in the forum state so as to create personal jurisdiction. Particu-

---

**1.** Defendant has never resided, been incorporated, or been licensed to do business in California. Defendant has never conducted any business in California; it has not manufactured, distributed for sale, or sold its products in California. Nor does defendant have any offices in California, a business address, telephone number, or bank account. Defendant has never owned property in California or paid taxes. Furthermore, none of defendant's employees live or work in California.

larly, there is not a sufficient showing of intentional acts by defendant calculated to cause harm to plaintiff in California as there was in *Calder, supra.*

Plaintiff also relies on the cases of *Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191 (9th Cir.1988); *Brainerd v. Governors of the University of Alberta*, 873 F.2d 1257 (9th Cir.1989); *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392 (9th Cir.1986); *Edwards v. Pulitzer Publishing Co.*, 716 F.Supp. 438 (N.D.Cal.1989). But, these cases are not analogous to the one at bar.

Therefore, the Court finds dismissal of the action proper. Because the Court finds dismissal proper, it does not reach plaintiff's motion for a preliminary injunction. Moreover, because the inclusion or exclusion of the evidence to which defendant's motions to strike refer is not determinative to the disposition of the motion to dismiss at bar, the Court also does not reach them.

Accordingly,

IT IS HEREBY ORDERED that defendant's motion to dismiss is GRANTED.