**CHI SHUN HUA STEEL CO. LTD., a corporation, Plaintiff,**

v.

**Paul A. NOVELLY, an individual, Defendant.**

**No. C–90–3247 SAW.**

United States District Court, N.D. California.

March 11, 1991.

**596**

Walsh, Donovan, Lindh & Keech, Charles Donovan, James Walsh, San Francisco, Cal., for plaintiff.

Finan, White & Paetzold, Harvey Wittenberg, San Francisco, Cal., for defendant.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

This matter is related to *Chi Shun Hua Steel Co. v. Crest Tankers*, C–89–2905 SAW, 1990 WL 265970, which was tried to a jury in this Court. Paul Novelly, the defendant in this case, is the President of Crest Tankers and was not a party to the suit against Crest Tankers. Plaintiff charges Mr. Novelly with fraud and deceit for directing and authorizing the fraudulent breach of the agreement between plaintiff and Crest Tankers regarding the release of the M/V Pomerol, attached by plaintiff. In the suit against Crest Tankers, the jury found Crest Tankers guilty of fraud in connection with its breach of that very agreement.

## I. Background

Plaintiff Chi Shun Hua Steel Co. is a Chinese corporation, with its principal place of business in Taiwan. Crest Tankers is a Missouri corporation, with its principal place of business in Missouri. Defendant is a citizen and resident of Missouri. Here it is useful to briefly rehash the circumstances surrounding the breach of the Pomerol agreement.

In November 1987 the Pomerol was attached by a U.S. Marshal, at plaintiff's direction, to provide security after Crest Tankers breached a ship sales contract with plaintiff regarding the M/V Beaujolais.[1] Pursuant to a telex agreement between plaintiff and Crest Tankers, the Pomerol was released with the understanding that it would return to be re-attached or that Crest Tankers would furnish a letter of credit as a substitute. The Pomerol was accordingly released, yet the Pomerol did not return and no letter of credit was provided. The jury found in the action against Crest Tankers that it had fraudulently breached this agreement. Plaintiff asserts in this second action that defendant directed and authorized Crest Tankers's fraudulent breach.

## II. Personal Jurisdiction

Defendant moves (1) to dismiss for lack of personal jurisdiction; (2) to dismiss or transfer for improper venue; and (3) to require a more definite statement in the complaint. Defendant's motion to dismiss for lack of personal jurisdiction is well-taken.

---

**1.** Pursuant to the requests of both sides, the Court takes judicial notice of the proceedings in the Eastern District of Louisiana in *Chi Shun Hua Steel Co. v. The M/V Pomerol*, C–87– 05322C, and in the District of New Hampshire in *Chi Shun Hua Steel Co. v. Crest Tankers*, C–87–451–L.

Plaintiff contends that this Court has personal jurisdiction over Mr. Novelly because he directed and authorized the telex agreement regarding the Pomerol. The telex agreement was negotiated between Warren Horn, a member of a New Orleans law firm, for Crest Tankers; and George Fowler, also a member of a New Orleans firm, and Charles Donovan, a member of a California firm, for plaintiff. Plaintiff maintains that Mr. Donovan's involvement in negotiating the agreement renders jurisdiction proper in California because Mr. Novelly's alleged fraudulent acts in Missouri produced an effect in this state. The presence of this one attorney in California is the *sole* link between defendant and this forum. Defendant avers that he has had no personal contacts with the state of California and moreover, that he had no direct involvement with the telex agreement forming the basis of this suit.

■ The Court notes as an initial matter that plaintiff bears the burden of establishing a *prima facie* case that the exercise of personal jurisdiction over defendant is proper. *Flynt Distributing Co. v. Harvey*, 734 F.2d 1389, 1392 (9th Cir.1984). In a case based on diversity jurisdiction, a federal court must apply the personal jurisdiction rules of the forum state. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir.1986). California's long-arm statute provides for the exercise of jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States." Cal. Civ.Proc.Code § 410.10. Since California's constitution imposes no greater restriction on jurisdiction that the federal Constitution, federal courts in California may exercise jurisdiction to the fullest extent sanctioned by due process. *Scott*, 792 F.2d at 927.

■ The Court may exercise "general jurisdiction" over a defendant "[i]f the nonresident defendant's activities within a state are 'substantial' or 'continuous and systematic,' because then "there is a sufficient relationship between the defendant and the state to support jurisdiction even if the cause of action is unrelated to the defendant's forum activities." *Data Disc, Inc. v. Systems Technology Assocs. Inc.*, 557 F.2d 1280, 1287 (9th Cir.1977). It is plain that the Court lacks general jurisdiction over Mr. Novelly because his uncontradicted affidavit states that he has had virtually no contact with the state of California.[2]

■ This Court may nonetheless exercise "specific jurisdiction" over defendant if he has "minimum contacts" with the forum state, and if the exercise of jurisdiction does not offend "traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). Such jurisdiction must satisfy the following three-part test to comport with due process:

(1) The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.

(2) The claim must be one which arises out of or results from the defendant's forum-related activities.

(3) Exercise of jurisdiction must be reasonable.

*Data Disc*, 557 F.2d at 1287; *accord Flynt*, 734 F.2d at 1393.

■ The Court has no personal jurisdiction over defendant because plaintiff has failed to establish the first prong of the test—that is, that defendant has purposefully availed himself of the privilege of conducting activities in California. Plaintiff charges that by authorizing and directing the telex agreement, defendant committed fraud which had an effect on the state

---

**2.** Plaintiff urges the Court to permit it more time to conduct discovery into defendant's contacts with California in the event that the Court finds that it has no specific jurisdiction over defendant. The Court denies this request. Plaintiff has had more than ample opportunity to conduct discovery into this matter since this is the second case it has brought based on the same facts. Moreover, plaintiff deposed Mr. Novelly before filing its opposition to dismissal. It could have explored defendant's California contacts at that time.

of California, thereby subjecting plaintiff to this Court's *in personam* jurisdiction.

The parties expend a great deal of energy and paper arguing over whether the Court may consider Mr. Novelly's actions as an *officer* of Crest Tankers in determining whether he has minimum contacts with California. Plaintiff is correct in asserting that *all* of Mr. Novelly's conduct, official or personal, may be considered by this Court in assessing the propriety of jurisdiction here.[3] The point is immaterial, however, because plaintiff has failed to establish that defendant in any capacity took actions that affected California.

The evidence plaintiff submits to show that defendant did in fact authorize the telex agreement is speculative at best and is clearly contradicted by evidence submitted by defendant. True, Mr. Novelly's deposition states that he told someone "to get it done," referring to the Pomerol negotiations, but he also states that he had never seen or authorized the particular telex in question. Both Mr. Novelly and Mr. Horn, the attorney who negotiated the release of the Pomerol on Crest Tankers's behalf, affirm that they never spoke to one another. Mr. Horn believed that Milton Burmaster, the head of Crest Tankers's legal department, authorized him to enter into the agreement. Further, Mr. Horn had no idea whether Mr. Burmaster consulted with defendant, or whether defendant himself authorized the agreement.

In response, plaintiff offers the deposition of Jere White, an officer at Crest Tankers. Mr. White's deposition, however, is not competent to contradict plaintiff's declarations regarding Mr. Novelly's involvement in negotiating the telex agreement. Mr. White merely speculates that Mr. Novelly would have directed and been aware of the agreement. He has no personal knowledge as to whether or not defendant authorized the agreement. If defendant knew nothing of what "getting the job done" entailed, he could not very well

have *purposefully* directed his actions toward California or its residents.

Moreover, even if the Court accepts plaintiff's claim that Mr. Novelly directly participated in the telex agreement negotiations, plaintiff nonetheless has failed to establish that defendant purposefully availed himself of the privilege of conducting transactions in California. It is well-settled that the "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of "random," "fortuitous," or "attenuated" contacts. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 475, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985); *Brainerd v. Governors of Univ. of Alberta,* 873 F.2d 1257, 1259 (9th Cir.1989); *Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir.1987). Defendant's alleged connection with California as a result of the negotiation of an agreement with California counsel is the paradigm case of a random, fortuitous, and attenuated contact. Plaintiff is a Chinese corporation; Crest Tankers is a Missouri corporation; defendant is a Missouri resident and citizen; the Pomerol was attached off the Louisiana coast and subsequently sailed to New Hampshire. The effects of defendant's alleged fraud might have been felt in China, Missouri, Louisiana, or New Hampshire—just about anywhere but in California. It was a completely fortuitous event that one attorney of the several negotiating the release resided in California. The frustration experienced by a foreign corporation's attorney at having an agreement he negotiated fall through is hardly reason enough to subject defendant to jurisdiction in this state.

The cases cited by plaintiff for the proposition that jurisdiction is proper where a nonresident defendant knows that his actions will have an effect on the forum state do not apply here. In each of these cases, either the defendant acted *in* the forum state, the plaintiff was a resident of the forum state, or the brunt of the defendant's wrongdoing was borne by the forum

---

3. *See, e.g., Calder v. Jones,* 465 U.S. 783, 790, 104 S.Ct. 1482, 1487, 79 L.Ed.2d 804 (1984); *Hudson v. Moore Business Forms, Inc.,* 609 F.Supp. 467, 475–76 (N.D.Cal.1985), *aff'd in part and vacated in part on other grounds,* 827 F.2d 450 (9th Cir.1987); *Seagate Technology v. A.J. Kogyo Co.,* 219 Cal.App.3d 696, 701–703, 268 Cal.Rptr. 586, 588–590 (1990).

state. None of these circumstances exist here. *Compare Calder v. Jones,* 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) (plaintiff resident of forum state; effects felt primarily in forum state); *Brainerd,* 873 F.2d 1257 (injury occurred in forum state); *Lake,* 817 F.2d 1416 (injury experienced primarily in forum state); *Edwards v. Pulitzer Publishing Co.,* 716 F.Supp. 438 (N.D.Cal.1989) (plaintiff resident of forum state; injury felt in forum state).

Nor is it material that *Crest Tankers* in the telex agreement consented to submit to this Court's jurisdiction in the event of a dispute. Defendant is not a party to this agreement. In fact, his name is not even mentioned in the telex.

Under all the circumstances, defendant could not reasonably have anticipated being haled into this Court. Given the lack of minimum contacts between defendant and California, this Court's exercise of jurisdiction over Mr. Novelly would be eminently unreasonable.[4]

Plaintiff's counsel has represented to the Court that dismissal of this action could create a statute of limitations problem. In view of this possibility and in the interests of justice, the Court deems it appropriate to transfer the action to the Eastern District of Missouri, pursuant to 28 U.S.C. § 1404.

Accordingly,

IT IS HEREBY ORDERED that this matter be transferred to the Eastern District of Missouri.

IT IS FURTHER ORDERED that defendant's remaining motions are DENIED.

---

[4.] The Court observes that plaintiff asserts admiralty law as an alternative basis for jurisdiction. This does not alter the above result because due process prevents the Court's exercise of admiralty jurisdiction over a defendant not subject to the Court's personal jurisdiction. *See Pacific Atlantic Trading Co. v. M/V Main Express,* 758 F.2d 1325, 1327 (9th Cir.1985).