996 F.2d 1224
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Angela FISHER, Plaintiff-Appellant,
v.
FARGO RESTAURANT, a California corporation dba Vic's
Fisherman Grill, Defendant-Appellee.
 No. 92-16870.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 20, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Angela Fisher appeals the district court's dismissal of Fisher's action against Fargo Restaurant ("Fargo") pursuant to Fed.R.Civ.P. 12(b)(2). Fisher sought damages for personal injury resulting from Fargo's alleged negligence. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. We review de novo the district court's determination of whether it has personal jurisdiction over a defendant. Brainerd v. Governors of Univ. of Alberta, 873 F.2d 1257, 1258 (9th Cir.1989). We affirm and impose sanctions on Fisher for filing a frivolous appeal.
 
 
 3
 * Background
 
 
 4
 Fisher is a resident of Arizona. On December 1, 1989, during her vacation in San Diego, California, Fisher visited the Fargo Restaurant. While on the premises of the restaurant, Fisher was injured when an overhead light fixture fell upon her. On November 27, 1991, Fisher filed a complaint against Fargo in the United States District Court for the District of Arizona. Fisher alleged that Fargo was negligent in maintaining its premises and that, as a result, she was injured. Fisher sought damages for personal injuries. Fargo moved to dismiss the action pursuant to Fed.R.Civ.P. 12(b)(1), 12(b)(2), and 12(b)(6). The district court dismissed the action for lack of personal jurisdiction pursuant to Rule 12(b)(2). Fisher timely appeals.
 
 II
 Merits
 A. Jurisdiction
 
 5
 Fisher contends the district court erred by dismissing her action under Rule 12(b)(2) because the district court had specific jurisdiction over Fargo. This contention lacks merit.
 
 
 6
 Federal due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). To avoid dismissal, a plaintiff must make a prima facie showing of jurisdictional facts. Lake v. Lake, 817 F.2d 1416, 1420 (9th Cir.1987).
 
 
 7
 A federal court sitting in Arizona in a diversity proceeding applies Arizona's long-arm statute to determine whether it has personal jurisdiction over a defendant. Ariz.R.Civ.P. 4(e)(2). Arizona's long-arm statute grants Arizona courts jurisdiction coextensive with the limits of federal due process. Batton v. Tennessee Farmers Mut. Ins. Co., 736 P.2d 2, 4 (Ariz.Ct.App.1987). Where a defendant's activities within the forum state are not so systematic or pervasive as to allow the exercise of general jurisdiction, a court may assert specific jurisdiction, depending on the nature and quality of the defendant's contact with the forum state. Lake, 817 F.2d at 1421.
 
 
 8
 We traditionally have applied a three-part analysis to determine whether specific jurisdiction exists: (1) the defendant purposefully directs activity at the forum state or performs some act by which it has availed itself of the privileges of conducting activities in the forum state, thus invoking the benefits or protections of the forum state's laws; (2) the claim arises out of or relates to defendant's forum-related activities; and (3) the exercise of personal jurisdiction comports with fair play and substantial justice. Brainerd, 873 F.2d at 1259.
 
 
 9
 We agree with the district court that Fargo lacked the necessary minimum contacts with Arizona. Fisher's claim does not arise out of forum-related activities. Rather, her claim arose out of Fargo's alleged negligent conduct in California. Fargo's only alleged contacts with Arizona occurred after Fisher's accident, when Fargo's agents "conducted negotiations, engaged in investigation and tendered money" to Fisher within Arizona. Fargo's post-accident contacts with Fisher were required because Fisher returned to Arizona after the accident. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (jurisdiction may not be based on random, fortuitous, or attenuated contacts). Fargo has not consummated a transaction with Arizona and has not acted in a manner as to avail itself purposefully of the privilege of conducting activities in Arizona. See Brainerd, 873 F.2d at 1259. Thus, the district court properly dismissed for lack of personal jurisdiction.
 
 B. Transfer
 
 10
 Fisher contends the district court erred by not transferring the action to California. This contention lacks merit.
 
 
 11
 Pursuant to 28 U.S.C. § 1631, if a district court finds that it lacks jurisdiction over a case, then it "shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631.
 
 
 12
 Fisher filed her action almost two full years after the alleged accident occurred. Thus, her action was barred by the statute of limitations in California. See Cal.Code Civ.P. 340(3) (one-year statute of limitations applies to actions for personal injury caused by negligence). Accordingly, because Fisher could not have brought her action in California at the time it was filed, the district court did not abuse its discretion by refusing to transfer Fisher's action to California. See Taylor v. Social Sec. Admin., 842 F.2d 232, 233 (9th Cir.1988) (in determining whether "to transfer an action pursuant to section 1631, the district court must consider whether the action would have been timely if it had been filed in the proper forum on the date filed").
 
 III
 Sanctions
 
 13
 Fargo requests sanctions against Fisher under Fed.R.App.P. 38 for pursuing a frivolous appeal. We have discretion to award damages and costs to the prevailing party where we determine that an appeal is frivolous. Fed.R.App.P. 38; 28 U.S.C. § 1912. "An appeal is frivolous when the result is obvious and the arguments on appeal wholly lack merit." McCarthy v. Mayo, 827 F.2d 1310, 1318 (9th Cir.1987). We conclude that Fisher's arguments on appeal are wholly without merit. Accordingly, we impose sanctions in the amount of $2,500 against Fisher in favor of Fargo. See Grimes v. Commissioner, 806 F.2d 1451, 1454 (9th Cir.1986) (per curiam) (Rule 38 sanction warranted where arguments on appeal are unsupportable and present no colorable claim of error).
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3