996 F.2d 1225
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lila KLEPPER, Plaintiff-Appellant,
v.
David OSBORNE and John McGinnis, Defendants-Appellees.
 No. 92-16431.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 20, 1993.
 
 Before BROWNING, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lila Klepper appeals the district court's dismissal of her action against David Osborne and John McGinnis pursuant to Fed.R.Civ.P. 12(b)(2). Klepper's action alleged Osborne and McGinnis wrongfully used civil proceedings in connection with an underlying lawsuit filed in Kentucky. We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291. We review de novo the district court's determination of whether it has personal jurisdiction over a defendant, Brainerd v. Governors of Univ. of Alberta, 873 F.2d 1257, 1258 (9th Cir.1989), and we affirm.
 
 
 3
 * Background
 
 
 4
 In November 1987, Osborne initiated a lawsuit against Klepper and her husband, Irwin Klepper, in Kentucky state court. On December 2, 1987, the Kleppers petitioned for removal to the United States District Court for the Eastern District of Kentucky. Osborne then filed an amended complaint, which alleged that the Kleppers had made fraudulent representations in connection with Osborn's conveyance of certain real property to Irwin Klepper. On October 18, 1988, the district court determined that Osborne failed to state a claim against Lila Klepper and dismissed the action against her.[1]
 
 
 5
 On March 13, 1993, Lila Klepper filed this action in the United States District Court for the District of Arizona. Klepper's complaint alleged Osborne and McGinnis[2] initiated the underlying action against her without justification in order to cause Klepper "tangible and intangible injury." Osborne and McGinnis moved to dismiss the action for lack of personal jurisdiction. The district court granted the motion and dismissed the action. Klepper timely appeals.
 
 II
 Merits
 
 6
 Klepper contends the district court erred by dismissing her action under Fed.R.Civ.P. 12(b)(2) because she had made a prima facie showing of jurisdictional facts sufficient to establish the constitutional minimum contacts. This contention lacks merit.
 
 
 7
 Federal due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). To avoid dismissal, a plaintiff must make a prima facie showing of jurisdictional facts. Lake v. Lake, 817 F.2d 1416, 1420 (9th Cir.1987). When the district court makes no findings of fact, we review de novo the materials presented to the district court to determine whether the plaintiff has met her burden of showing a prima facie case of personal jurisdiction. Id.
 
 
 8
 A federal court sitting in Arizona in a diversity proceeding applies Arizona's long-arm statute to determine whether it has personal jurisdiction over a defendant. Ariz.R.Civ.P. 4(e)(2). Arizona's long-arm statute grants Arizona courts jurisdiction coextensive with the limits of federal due process. Batton v. Tennessee Farmers Mut. Ins. Co., 736 P.2d 2, 4 (Ariz.Ct.App.1987). Where a defendant's activities within the forum state are not so systematic or pervasive as to allow the exercise of general jurisdiction, a court may assert specific jurisdiction, depending on the nature and quality of the defendant's contact with the forum state. Lake, 817 F.2d at 1421.
 
 
 9
 We traditionally have applied a three-part analysis to determine whether specific jurisdiction exists: (1) the defendant purposefully directs activity at the forum state or performs some act by which he or she has availed himself or herself of the privileges of conducting activities in the forum, thus invoking the benefits or protections of the forum state's laws; (2) the claim arises out of or relates to defendant's forum-related activities; and (3) the exercise of personal jurisdiction comports with fair play and substantial justice. Brainerd, 873 F.2d at 1259.
 
 
 10
 We agree with the district court's determination that Osborne and McGinnis lacked the necessary minimum contacts with Arizona. Osborne and McGinnis had no contact with Arizona, except for traveling to Arizona to take Klepper's deposition.[3] Referring Calder v. Jones, Klepper contends that because Osborne and McGinnis committed an intentional tort with intended effects in Arizona, the Arizona district court may exercise personal jurisdiction over Osborne and McGinnis. 465 U.S. 783 (1984). The contact Osborne and McGinnis had with Arizona, however, is distinguishable from that in Calder and is too attenuated a connection to support personal jurisdiction. See World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 294 (1980). Unlike the defendants in Calder, Osborne and McGinnis did not have sufficient contact with Arizona such that they could reasonably anticipate being haled into court there. Cf. Calder, 483 U.S. at 788-90 (court based personal jurisdiction on defendant's contacts with California, not merely on plaintiff's status as a California resident). Accord Wallace v. Herron, 778 F.2d 391, 395 (7th Cir.1985) (intentional tort of malicious prosecution allegedly committed against resident of forum state was insufficient to establish personal jurisdiction over defendants), cert. denied, 475 U.S. 1122 (1986). Accordingly, the district court did not err by dismissing Klepper's action for lack of personal jurisdiction pursuant to Fed.R.Civ.P. 12(b)(2).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny appellant's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court then bifurcated the remaining action against Irwin Klepper. The jury found that Irwin Klepper was liable but that Osborne suffered no damage
 
 
 [2]
 McGinnis was Osborne's attorney in the state court action
 
 
 [3]
 Osborne and McGinnis did not "purposefully avail" themselves of Arizona laws. They traveled to Arizona, hired a court reporter, and deposed Klepper in her home because the district court order in the underlying action allowed them to depose Klepper only in her home in Arizona. It was Klepper herself who, in a motion for a protective order, requested the district court to order that the deposition be conducted at her home