57 F.3d 1077
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Gregory C. KRUG, as an individual and Trustee of the Carol
E. Krug Trust, Plaintiff-Appellant,
v.
Paul T. COLEMAN, an individual, and Heiskell, Donelson,
Bearman, Adams, Williams, & Kirsch, a professional
corporation, Defendants-Appellees.
 No. 94-55206.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 4, 1995.
Decided June 14, 1995.
 
 Before: FLETCHER, BRUNETTI and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gregory C. Krug appeals pro se the dismissal of his defamation suit against Paul T. Coleman and Coleman's law firm for lack of personal jurisdiction and, in the alternative, under Fed.R.Civ.P. 12(b)(6), for failure to state a claim upon which relief can be granted. We have jurisdiction under 28 U.S.C. Sec. 1291 and we affirm.
 
 BACKGROUND
 
 3
 Krug sued attorney Coleman and Coleman's firm in California over a letter that Coleman wrote. Coleman, of Tennessee, represented a bank that was the receiver of a Krug family partnership that had been dissolved. When Coleman sought to exercise an option to purchase stock of the Roddy Coca-Cola Manufacturing Co. for the partnership, Krug wrote him a letter threatening to sue him if he exercised the option. Krug claimed that exercising the option would violate a pledge that Krug had made to the owner of the stock, Marion Watson, to delay sale of the stock until after her death in order to minimize Watson's tax liability.
 
 
 4
 In response, Coleman wrote Krug that the option could be exercised "regardless of what you and Mr. Watson have concocted between the two of you...." He also offered his legal opinion that the proceeds from the sale of the stock would be taxable regardless of when the sale occurred. Coleman sent carbon copies of this letter to the receiver, to Krug's mother, to Krug's two sisters, and to an attorney representing one of Krug's sisters.
 
 
 5
 The district court originally dismissed Krug's claims for lack of subject matter jurisdiction, but we reversed and remanded. On remand, the district court dismissed for lack of personal jurisdiction and, in the alternative, for failure to state a claim upon which relief can be granted. Krug appeals, and Coleman and his firm request sanctions under Fed.R.App.P. 39.
 
 DISCUSSION
 
 6
 We review de novo the district court's determination that personal jurisdiction did not exist over these defendants. Brainerd v. Governors of University of Alberta, 873 F.2d 1257, 1258 (9th Cir.1989). Krug bears the burden of establishing personal jurisdiction over the defendants. Sinatra v. National Enquirer, Inc., 854 F.2d 1191, 1194 (9th Cir.1988). He must show that California law confers personal jurisdiction over the defendants, and that the exercise of jurisdiction accords with federal due process principles. Flynt Distributing Co., Inc. v. Harvey, 734 F.2d 1389, 1392 (9th Cir.1984). However, because California permits jurisdiction "on any basis not inconsistent with the Constitution ... of the United States," Cal.Civ.Proc.Code Sec. 410.10, the state and federal limits are coextensive and jurisdiction must only comport with due process. Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1286 (9th Cir.1977).
 
 
 7
 Krug does not contend that the defendants had contacts with California that were sufficient to establish general jurisdiction. He argues only that the district court could exercise specific jurisdiction over Coleman because Coleman sent a carbon copy of his letter to Krug's sister, Catherine E. Crudup, a California resident.
 
 
 8
 The following three-part test normally is applied to determine whether specific jurisdiction exists:
 
 
 9
 (1) The nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.
 
 
 10
 Lake v. Lake, 817 F.2d 1416, 1421 (9th Cir.1987). However, when the suit involves an intentional tort, only the first and third prongs of the test are applied. Core-Vent Corp. v. Nobel Industries AB, 11 F.3d 1482 (9th Cir.1993).
 
 
 11
 In this case, the district court correctly held that it lacked jurisdiction over the defendants because Coleman did not purposefully direct any activity toward California. The district court found that the letter was written in the context of conducting the receivership proceedings in the ordinary course by an attorney representing the receiver, and that Crudup was a beneficiary with an interest in those proceedings.
 
 
 12
 As the attorney for the receiver, Coleman was obligated to respond to Krug's letter threatening a lawsuit over the exercise of the stock option. He also had a fiduciary duty to keep Crudup and other beneficiaries of the family trust informed of activities potentially affecting the trust. Thus, it cannot be said that he purposefully chose to direct any correspondence to California. Cf. Wilson v. Belin, 20 F.3d 644, 649 (5th Cir.) (no jurisdiction over nonresidents whose comments were solicited by reporters and published in newspaper circulated in forum), cert. denied, 115 S.Ct. 322 (1994); Ticketmaster-New York, Inc. v. Alioto, 26 F.3d 201 (1st Cir.1994) (no jurisdiction in Massachusetts over California defendant who allegedly libelled plaintiff in phone call initiated by reporter).
 
 
 13
 Because we affirm the district court's finding that personal jurisdiction was lacking, we need not reach the issue of failure to state a claim.
 
 CONCLUSION
 
 14
 The district court correctly held that personal jurisdiction over the defendants was lacking because Coleman did not purposefully avail himself of the privilege of conducting activities in California. The defendants' request for sanctions is denied but costs on appeal in the ordinary course are allowed to them as the prevailing parties. The district court decision is
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3