**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AL HATSET, an individual, | No. 14-55722 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-00620-LAB-NLS |
| v. | |
| CENTURY 21 GOLD COAST REALTY, an unknown foreign business entity; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted April 5, 2016[**]
Pasadena, California

Before: FERNANDEZ and BEA, Circuit Judges, and SETTLE,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Benjamin H. Settle, District Judge for the U.S. District Court for the Western District of Washington, sitting by designation.

Al Hatset, a California resident, appeals from the district court's order dismissing his complaint without prejudice for lack of specific personal jurisdiction over any of the defendants named therein.[1]  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.  The district court did not err in dismissing defendant John Goldenberg for lack of personal jurisdiction.  Hatset's allegations against Goldenberg focus entirely on Goldenberg's alleged lack of proper control over a Nicaraguan escrow account.  The only connection between Goldenberg and California is the fact that Hatset is a California resident.  But as the Supreme Court has recently explained, "the plaintiff *cannot* be the only link between the defendant and the forum.  Rather, it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him. . . . Due process requires that a defendant be haled into court in a forum State based on his *own affiliation* with the State, not based on the 'random, fortuitous, or attenuated' contacts he makes by interacting with other persons affiliated with the State."  *Walden v. Fiore*, 134 S. Ct. 1115, 1122–23 (2014) (emphasis added) (internal citations omitted).

---

[1]  Hatset does not argue that any of the defendants are subject to general personal jurisdiction in California.  Instead, he argues that the defendants are subject to specific personal jurisdiction there.

2. The district court did not err in dismissing defendant Barry Oliver for lack of personal jurisdiction. Hatset's allegations against Oliver mirror those against Goldenberg, so the analysis of whether Oliver is subject to specific personal jurisdiction in California is the same as that of Goldenberg.[2]

3. The district court did not err in dismissing defendant Brock Frost for lack of personal jurisdiction. Frost communicated with Hatset while Hatset was physically present in California, but these communications connect only Frost to Hatset, not to California specifically. As discussed above, to justify personal jurisdiction over a defendant, the relationship must arise out of contacts that the defendant himself creates with the forum state. *Id.* at 1121–22, 1126. "[T]he plaintiff cannot be the only link between the defendant and the forum." *Id.* at 1122. Additionally, Hatset asserts a cause of action for intentional misrepresentation, not the type of reputation-based tort that establishes a larger

---

[2] Hatset argues that Oliver has conducted a real estate seminar in California in 2008, and this should weigh in favor of subjecting Oliver to personal jurisdiction in California. Even if we were to assume that Oliver's contacts with California are enough to prove purposeful availment or direction for the first prong specific jurisdiction test, Hatset's claims against Oliver do not "arise out of" Oliver's conduct, the second prong to the specific personal jurisdiction test. *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015). Hatset does not allege, declare, or argue that he has ever attended one of Oliver's seminars, or that any seminar dealt with the Nicaraguan property Hatset thought he bought. Hatset's claims against Oliver here relate to Oliver's alleged failure to exercise properly his control over a Nicaraguan escrow account.

connection with the forum state like that in *Brainerd v. Governors of the University of Alberta*, 873 F.2d 1257 (9th Cir. 1989).

4. The district court did not err in dismissing defendant Gold Coast Realty for lack of personal jurisdiction. Apart from the contacts of Gold Coast's agents/employees, Hatset argues that Gold Coast purposefully availed itself of the privilege of doing business in California because he alleged that Gold Coast maintained an English-language website which listed a "U.S. Telephone" number beginning with area code "760," which is used in San Diego County in California.

A passive web site that does little more than make information available to those who are interested in it is not enough for Hatset to make a prima facie case that Gold Coast purposefully availed itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. *See Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419–20 (9th Cir. 1997). Oliver declared that the phone number was provided through Skype and was intended "merely to facilitate contact with persons in the *United States*," not a specific state. As Oliver declared, either the number was randomly generated by Skype, or it was chosen because Oliver was originally from Encinitas, California, where that area code was used, but that "Gold Coast did not choose the number to [] market

[specifically] to customers in California." Hatset's own declaration does not dispute this.

Because none of Hatset's allegations or evidence provide any support for a claim that the 760 area code was *intentionally* chosen to target California residents, it is a "random," "fortuitous," or "attenuated" contact with the forum state that is insufficient to subject a defendant to personal jurisdiction there. *Walden*, 134 S. Ct. at 1122.

5. The district court did not err in dismissing defendant Century 21 Central America for lack of personal jurisdiction. Century 21 Central America is a master franchisor for Gold Coast, and is "engaged in the business of leasing franchise rights to real estate professionals in Central America, including Nicaragua."

Hatset does not explain why, or whether, his observation that Gold Coast is a franchisee of Century 21 Central America is jurisdictionally significant, and accordingly has failed to sustain his burden of establishing that the district court had personal jurisdiction over Century 21 Central America. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004); *see also Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929–30 (9th Cir. 2003).

Hatset has waived any jurisdictional discovery argument because he did not request jurisdictional discovery before the district court. "As a general rule, we will

not consider arguments that are raised for the first time on appeal." *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**