**T.J. RANEY & SONS, INC., Appellant,**

v.

**SECURITY SAVINGS & LOAN ASSOCIATION OF SALINA, KANSAS, Appellee.**

No. 84–1243.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 13, 1984.

Decided Dec. 10, 1984.

Michael G. Smith, Little Rock, Ark., for appellant.

David M. Powell, Denver, Colo., for appellee.

Before BRIGHT, McMILLIAN and BOWMAN, Circuit Judges.

PER CURIAM.

T.J. Raney & Sons, Inc., appeals from a final order entered in the District Court[1] for the Eastern District of Arkansas dismissing its complaint against Security Savings & Loan Association of Salina, Kansas, for lack of personal jurisdiction. *T.J. Raney & Sons v. Security Savings & Loan Ass'n*, No. LR–C–83–864 (E.D.Ark. Jan. 31, 1984). For reversal appellant argues that the district court erred in dismissing its

complaint for lack of personal jurisdiction because appellee has sufficient contacts with the forum state such that the exercise of personal jurisdiction would not offend traditional due process considerations of fair play and substantial justice. We disagree and, for the reasons discussed below, we affirm the order of the district court.

The facts are not in dispute. Appellant, an Arkansas corporation, filed this action in October 1983, alleging that on May 12, 1983, appellee, a Kansas corporation, breached a sales agreement by refusing to complete a trade transaction for United States Treasury bonds. Appellee had maintained an active account with appellant, a securities brokerage firm located in Arkansas, for about a year prior to the May 1983 transaction at issue. Appellee would purchase federal government debt obligations through appellant in large denominations and either sell them prior to the date on which payment was required or enter into reverse repurchase agreements in which the bonds would be held by appellant as collateral for a loan which appellant would extend to appellee to pay for the bonds on the settlement date. As noted by the district court, the net effect of this trading arrangement was that appellee could speculate on upswings in the market price of the bonds with the possibility of realizing substantial profits but with little or none of its own operating and investment capital diverted.

On May 5, 1983, one of appellant's sales representatives purchased $1,000,000 in United States Treasury bonds with an interest rate of 10.375% for appellee's account, pursuant to the oral instructions of appellee's president. The settlement date for these bonds was May 12, 1983, at which time appellee was required to take delivery of the bonds and pay for them or sell them. On May 12, however, after a drop in the market value of the bonds, appellant alleges that appellee refused to acknowledge the trade and appellant was forced to make

---

1. The Honorable George Howard, Jr., United States District Judge for the Eastern and Western Districts of Arkansas.

arrangements to continue to carry the bonds on the account to avoid default with the seller. Appellant alleges that it made repeated demands for settlement and, after receiving no acknowledgment or further instructions from appellee, then sold the bonds, at an eventual loss of approximately $77,606.69.

Appellant filed this action for breach of the parties' sales agreement in federal district court in Little Rock, Arkansas. Appellee then filed a motion to dismiss for lack of personal jurisdiction. The district court granted the motion to dismiss and this appeal followed.

We agree with the district court's analysis of the personal jurisdiction question. The district court concluded that although the number of transactions and amount of money involved met Arkansas' long-arm jurisdictional requirements that the defendant "transact business" in Arkansas and that the plaintiff's cause of action arise out of this transaction of business in Arkansas, there were insufficient "minimum contacts" between appellee and the forum state to satisfy due process. As noted by the district court, appellee is a Kansas corporation. It maintains neither an office nor an agent in Arkansas; it did not send representatives to Arkansas in connection with this transaction or any other transaction. The district court further noted that appellant solicited not only the business relationship with appellee in Kansas, but also made the only personal contact with appellee in Kansas. The contacts between appellee and the forum state were limited to telephone calls and wire or mail transfers of money. The district court properly concluded that the use of interstate mail, telephone or banking facilities, standing alone, was insufficient to satisfy the requirements of due process. *E.g., Institutional Food Marketing Assocs. v. Golden State Strawberries, Inc.*, 747 F.2d 448 at 455–456 (8th Cir.1984); *Mountaire Feeds, Inc. v. Agro Impex, S.A.*, 677 F.2d 651, 656 (8th Cir.1982); *Aaron Ferer & Sons v. Atlas Scrap Iron & Metal Co.*, 558 F.2d 450, 453 (8th Cir.1977).

Accordingly, the order of the district court is affirmed.