**RESOLUTION TRUST CORPORATION, as Receiver for Malibu Savings Bank, F.S.B., Plaintiff,**

v.

**FIRST OF AMERICA BANK, Defendant.**

**No. SACV 92–244–GLT.**

United States District Court, C.D. California.

July 31, 1992.

---

Steven C. Morrison, Manfredo E. Lespier, Morrison & Ageson, Irvine, Cal., for plaintiff Resolution Trust Corp. as Receiver for Malibu Sav. Bank, F.S.B.

Howard & Howard Attorneys, P.C., John W. Allen, Kalamazoo, Mich., for defendant.

## ORDER DISMISSING PARTY FOR LACK OF JURISDICTION

TAYLOR, District Judge.

■ This case presents the novel question whether personal jurisdiction exists over a non-forum bank which participated in transactions with a forum bank through a national electronic fund clearinghouse system. The court concludes this is an insufficient "minimum contact," and dismisses the non-forum bank for lack of jurisdiction.

## I. BACKGROUND

Defendant First of America Bank is located in Kalamazoo, Michigan, and has no California offices, branches, employees or property. Further, it is not registered to do business in California, does not solicit customers in California, and does not maintain any correspondent banking relationship with any California financial institution. Less than one percent of its accounts are those of California residents.

First of America was involved in a fund transfer arrangement with the Malibu Savings Bank of California. Malibu Savings Bank transferred funds, at the request of clients, to First of America Bank in Michigan. Malibu Savings Bank later learned it had transferred too much, and its clients owed it money. Malibu Savings Bank attempted to debit the clients' accounts at First of America, but First of America refused to pay the electronic debit sent by Malibu Savings Bank.

All of the claims against First of America relate to its involvement in the National Automated Clearing House Association ("NACHA"), a nation-wide electronics payment system used by participating financial institutions. NACHA attempts to establish operating rules to control, govern, and regulate electronic fund transfers [1] between banks, and between banks and consumers.

The complaint, brought by the Resolution Trust Corporation as receiver for Malibu

---

**1.** Electronic wire transfers are similar to regular bank transfers. The originating bank transmits the wire transfer charge electronically to the Federal Reserve Bank or to a private automated clearinghouse. The Federal Reserve credits the transmitting bank's account and debits the customer's bank account with the bank.

Savings Bank, alleges that First of America breached its contractual obligation under the NACHA rules, converted money received from Malibu Savings Bank, negligently and fraudulently breached the NACHA rules, and conspired to commit those acts. First of America Bank asserts that "minimum contacts" are lacking for this court to exercise jurisdiction, or, in the alternative, that venue should be changed. This court concludes that jurisdiction is lacking.

## II. ANALYSIS

A federal court in a diversity action may exercise personal jurisdiction over a nonresident defendant only to the extent permitted by the long-arm statute of the forum state. Fed.R.Civ.P. 4(e). California's long-arm statute authorizes the exercise of jurisdiction "on any basis not inconsistent with the Constitution of this state or of the United States." California Code of Civil Procedure § 410.10.

The Due Process Clause of the Fourteenth Amendment limits a state's power to exert personal jurisdiction over a nonresident defendant. "[T]he constitutional touchstone" of the determination whether an exercise of personal jurisdiction satisfies due process "remains whether the defendant purposefully established 'minimum contacts' in the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474, 105 S.Ct. 2174, 2183, 85 L.Ed.2d 528 (1985).

Two methods can satisfy the minimum contacts test. First, where the activities of the defendant are substantial, continuous and systematic, a federal court can exercise general jurisdiction as to any cause of action, even if it is unrelated to those forum contacts. *Perkins v. Benguet Consolidated Mining Co.*, 342 U.S. 437, 446, 72 S.Ct. 413, 418, 96 L.Ed. 485 (1952).

Second, limited jurisdiction concerning a specific claim may be obtained where the claim to be litigated is based on defendant's activities or contacts in the forum, even though "minimum." Such limited jurisdiction requires a showing that:

(1) the out-of-state defendant purposefully directed its activities toward residents of the forum state or otherwise established contacts with the forum state (thus invoking the benefits and protections of local law);

(2) plaintiff's cause of action arises out of, or results from, the defendant's forum-related contacts; and

(3) the forum's exercise of personal jurisdiction in the particular case is reasonable (i.e., it comports with fair play and substantial justice).

*Burger King*, 471 U.S. at 477–478, 105 S.Ct. at 2184–2185; *Data Disc, Inc. v. Systems Technology Ass'n*, 557 F.2d 1280, 1287 (9th Cir.1977); *Haisten v. Grass Valley Medical Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1397 (9th Cir.1986).

The application of the "minimum contacts" test is not a mechanical exercise, but depends on the facts of each case. The test is whether the forum state has a sufficient relationship with the defendant and the litigation that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945); *Data Disc*, 557 F.2d at 1287.

The issue at bar is whether a non-forum bank has established minimum contacts in California by belonging to a national clearinghouse service association and accepting a wire transfer (or several wire transfers) from a California bank. There appear to be no cases directly on point. On the one hand, by becoming a member of the clearinghouse association the Michigan Bank did an affirmative act to enter the stream of commerce that flowed into California. On the other hand, participating in a clearinghouse system is a technological necessity of modern banking, similar in some respects to having telephone service. The consequence of finding that the Bank is subject to jurisdiction by virtue of the clearinghouse involvement would mean that every bank in the nation is probably subject to jurisdiction in all states.

Minimum contacts must have a basis in "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State,

thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 1240, 2 L.Ed.2d 1283 (1958). Jurisdiction cannot be based merely on a consumer's unilateral act of bringing the defendant's product into the forum State, even though it was foreseeable that the product might end up there. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295–296, 100 S.Ct. 559, 566, 62 L.Ed.2d 490 (1980). However, jurisdiction can be proper where a corporation delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State. *Id.* at 297–298, 100 S.Ct. at 567.

It is not enough for a corporation to place a product into the stream of commerce with the foreseeability that the product could make its way into the forum while in the stream of commerce. The defendant corporation must have done some act "purposefully directed toward the forum State." *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 112, 107 S.Ct. 1026, 1032, 94 L.Ed.2d 92 (1987). The Court explained:

> The placement of a product into the stream of commerce, without more, is not an act of the defendant purposefully directed toward the forum State. Additional conduct of the defendant may indicate an intent or purpose to serve the market in the forum State, for example, designing the product for the market in the forum State, advertising in the forum State, establishing channels for providing regular advice to customers in the forum State, or marketing the product through a distributor who has agreed to serve as the sales agent in the forum State.

*Id.*

The Court in *Asahi* found that, while it was reasonable to conclude that a company might have foreseen that its product would end up in California, that factor alone, absent any action to purposefully avail itself of the California market, is not enough for jurisdiction. *Id.*

Based on the Supreme Court precedent, jurisdiction is not appropriate in this case. By becoming a member of the national clearinghouse service the bank allowed its services to enter the "stream of commerce." Being part of the wire clearinghouse system resulted in foreseeability that its services could be used in California. But there is no jurisdiction absent an act to purposefully avail itself of the California market. Other than placing itself in the stream of commerce, the bank did no act to avail itself of California. There is no evidence of advertising, employees or agents in the state, or of an intent or purpose to serve the California market. Further, the bank did not initiate contact with the California bank; the contact was initiated with it.

■ Participating in the national clearinghouse service seems analogous to having telephone service which allows people to call the bank from all parts of the country and world to perform banking transactions. Yet, such technology which makes banking services more accessible to customers does not commit the bank to national jurisdiction without some affirmative action to avail itself of a particular forum.

A number of analogous cases have declined to find jurisdiction based on limited technological or financial interaction with a non-forum bank. Jurisdiction has been declined in instances of correspondent accounts or a correspondent relationship,[2] the passage of a check through the clearing

---

2. *See, e.g., Oriental Imports and Exports, Inc. v. Maduro & Curiel's Bank*, 701 F.2d 889, 891–92 (11th Cir.1983), where a Netherlands Antilles Bank that maintained correspondent banking relationships with Florida banks was not subject to the jurisdiction of a Florida Court. "It would be a distortion of due process to hold that a state acquires general personal jurisdiction over an out-of-state bank ... merely because the bank has a correspondent relationship with a bank within the state and a balance on deposit with its correspondent bank." *Id.* at 892.

In *Trans–Continental Investment Corp. v. Bank of the Commonwealth*, 500 F.Supp. 565 (C.D.Cal.1980), there was no jurisdiction over a Michigan bank although the bank had a correspondent relationship with a bank in the state and had borrowers in the state representing approximately 4% of the bank's loan portfolio.

process,[3] or dealings between banks through wire transfers or similar contacts.[4]

Plaintiff relies on *McGee v. International Life Insurance Co.*, 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), and *Flynt Distributing Co. v. Harvey*, 734 F.2d 1389 (9th Cir.1984), to argue that California can exercise jurisdiction over the defendant bank based on contractual grounds arising from their common membership in the clearinghouse association. In *McGee*, the Court found that California could exercise jurisdiction based on a Texas insurance company's single insurance policy for a California based firm, and held:

> It is sufficient for purposes of due process that the suit was based on a contract which had substantial connection with that State.

*McGee*, 355 U.S. at 223, 78 S.Ct. at 201.

Similarly, in *Flynt*, the court found that a distribution agreement, negotiated with a California corporation and intended for nationwide distribution, including California, was sufficient for minimum contacts. The court reasoned "[b]y entering into a distribution agreement with a California corporation for the distribution of their magazines in California and elsewhere, the [defendants] purposefully availed themselves of that forum." *Flynt*, 734 F.2d at 1393.

The "contract connection" argument is misplaced here. The defendant Michigan bank did not contract with any California entity. Both banks simply belong to a clearinghouse service. This does not establish a California contract, a contract between the parties, a substantial connection to California, or purposeful availment of California.[5]

Plaintiff also contends defendant's conduct caused an effect in California, making jurisdiction proper under *Calder v. Jones*, 465 U.S. 783, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) and *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984). Both of these cases found the court had jurisdiction over libel suits in a forum where the defendant distributed magazines, reasoning that the de-

---

In *E.I.C., Inc. v. Bank of Virginia*, 108 Cal. App.3d 148, 166 Cal.Rptr. 317 (1980), California lacked jurisdiction over a bank which maintained correspondent banking relations with two California banks and kept noninterest-bearing balances of $500,000 on deposit. The court noted that "a bank the size of Bank of Virginia has depositors who reside throughout the country and overseas, and it would be an absurdity to conclude from this that the bank was doing business in each of the home jurisdictions of its depositors." *Id.* 108 Cal.App.3d at 154.

3. *See, e.g.*, *Froning & Deppe, Inc. v. Continental Illinois Nat'l Bank & Trust Co.*, 695 F.2d 289, 291 (7th Cir.1982) (fundamentals of substantial justice would be offended by basing jurisdiction over a non-resident bank on the bank's mere acceptance of a check from the forum state); *Gateway Leasing Inc. v. American Bank*, 577 F.Supp. 908, 910 (D.Md.1984) (actions of Texas bank in accepting endorsed check and presenting it to collecting bank were not sufficient to establish jurisdiction). *See also Pacific Reliant Indus. Inc. v. Amerika Samoa Bank*, 901 F.2d 735, 737 (9th Cir.1990) (Samoan bank that issued letter of credit in favor of Oregon beneficiary was not subject to personal jurisdiction in Oregon for alleged wrongful dishonor of letter of credit); *H. Ray Baker, Inc. v. Associated Banking Corp.*, 592 F.2d 550, 553 (9th Cir.) *cert. denied*, 444 U.S. 832, 100 S.Ct. 63, 62 L.Ed.2d 42 (1979) (California could not exercise personal jurisdiction over a Philippine bank that had issued a letter of credit to California businesses); *Leney v. Plum Grove Bank*, 670 F.2d 878, 881 (10th Cir.1982) (improper to "subject any bank that issues a letter of credit to suit in any state in which the bank ... expect[ed] the credit to be used to buy goods or real estate.").

4. *See, e.g., Dollar Savings Bank v. First Security Bank*, 746 F.2d 208, 213–214 (3rd Cir.1984), where minimum contacts were not established when a nonresident Utah bank borrowed from and repaid a loan to the forum Pennsylvanian bank through a wire transfer.

In *T.J. Raney & Sons, Inc. v. Security Savings & Loan Ass'n*, 749 F.2d 523, 524 (8th Cir.1984), a Kansas corporation allegedly breached a sales agreement by refusing to complete a securities trade transaction. The contacts between the defendant and the forum state were limited to telephone calls and wire or mail transfers of money. The Eighth Circuit found that the district court properly concluded that the use of interstate mail, telephone or banking facilities, standing alone, was insufficient to satisfy the requirements of due process. *Id.* at 525.

5. Plaintiff does *not* assert that jurisdiction can or should be based upon the Michigan bank's few accounts of California residents. Those bank accounts do not appear to be substantial, and there is no evidence to indicate that they constitute a continuous or systematic contact with California.

**1338**

fendants intentionally aimed their business at the forum.

The "effect in the forum" theory is not applicable here. Both *Calder* and *Keeton* involve torts, not a contract claim. There is less concern over the "effects" doctrine in contract actions than in tort claims. *See, e.g., Dollar Savings Bank,* 746 F.2d at 213. Moreover, in both cases defendants had committed an intentional act to distribute their products in the forum state. In this case, while the bank is accessible through a wire service, there was no intentional act to circulate its service in the forum.

Since the dismissal of First of America Bank is granted for lack of jurisdiction, the court does not reach the bank's alternative motion for change of venue.

### III.  DISPOSITION

First of America Bank is hereby DISMISSED for lack of jurisdiction.