21 F.3d 432
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Richard E. MOULTON Appellant,
v.
Laurie H. WEBB, Certified Shorthand Reporter; The Shorthand
Reporting Firm of Laurie H. Webb, Ltd., Jointly,
Severally, and in the Alternative, Appellees.
 No. 93-3117.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 8, 1994.
Filed: April 13, 1994.
 
 Before MAGILL, Circuit Judge, JOHN R. GIBSON, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Richard E. Moulton appeals from a final order entered in the district court dismissing his complaint for lack of personal jurisdiction.[1] We affirm.
 
 
 2
 In March 1993, Moulton, a Nebraska resident, filed this diversity action in the District Court for the District of Nebraska against Laurie Webb, a Nevada resident, and the Shorthand Reporting Firm of Laurie Webb, Ltd., a Nevada corporation. Moulton alleged that while he was in Las Vegas, Nevada, police arrested him for disorderly conduct, battery, and resisting arrest. As a result of the arrest, a number of hearings in a Nevada Justice Court were held which were stenographically recorded by Webb and her firm. Moulton alleged that defendants conspired with the legal community of Las Vegas to withhold and alter transcripts of the Justice Court proceedings. He sued alleging, inter alia, fraud, breach of contract, breach of fiduciary duty, breach of warranty, intentional tort, negligence, and violations of Nevada State Law.
 
 
 3
 Defendants moved to dismiss for lack of personal jurisdiction. Webb submitted an affidavit in which she alleged that neither she nor her firm have ever placed any phone calls to or conducted, transacted or solicited business in Nebraska. She attached to her affidavit correspondence from Moulton requesting transcripts and also attached defendants' responses. In dismissing the complaint, the district court concluded that the correspondence exchange, initiated by Moulton, failed to satisfy the minimum contacts requirement of the due process clause. On appeal, Moulton argues that Webb's letters contained fraudulent misrepresentations and that sending these letters to Nebraska satisfies the minimum contacts requirement of the due process clause.
 
 
 4
 We employ a two-step inquiry to determine whether a federal court has jurisdiction over a non-resident party: "(1) whether the facts presented satisfy the forum state's long-arm statute, and (2) whether the nonresident has 'minimum contacts' with the forum state so that the court's exercise of jurisdiction would be fair and in accordance with due process." Wines v. Lake Havasu Boat Mfg. Inc., 846 F.2d 40, 42 (8th Cir. 1988) (per curiam). Because the Nebraska long-arm statute extends jurisdiction to the fullest extent permitted by the due process clause, Aaron Ferer & Sons Co. v. Atlas Scrap Iron & Metal Co., 558 F.2d 450, 453 (8th Cir. 1977), we need determine only whether defendants had the requisite minimum contacts with the forum state.
 
 
 5
 Sufficient contacts exist when "the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there," World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297 (1980), and when "maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940)); see also Soo Line R.R. Co. v. Hawker Siddeley Canada, Inc., 950 F.2d 526, 528 (8th Cir. 1991). In assessing defendants "reasonable anticipation," there must be " 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.' " Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985) (quoting Hanson v. Denckla, 357 U.S. 235, 253 (1958)).
 
 
 6
 We agree with the district court's conclusion that the exchange of correspondence between Moulton and defendants did not satisfy the minimum contacts requirement of the due process clause. The district court properly concluded that the use of interstate mail to respond to Moulton's letters was insufficient to satisfy the requirements of due process. See T. J. Raney & Sons, Inc. v. Sec. Sav. & Loan Ass'n., 749 F.2d 523, 525 (8th Cir. 1984) (per curiam); see also Fed. Deposit Ins. Corp. v. Malmo, 939 F.2d 535, 536-37 (8th Cir. 1991). In addition, the district court correctly determined that Moulton failed to make a prima facie showing that defendants' correspondence contained fraudulent misrepresentations. See Institutional Food Mktg. Assocs., Ltd. v. Golden State Strawberries, Inc., 747 F.2d 448, 453 (8th Cir. 1984) ("plaintiff seeking to bring a defendant into court under a state long arm statute must state sufficient facts in the complaint to support a reasonable inference that the defendant can be subjected to jurisdiction within the state.")
 
 
 7
 Accordingly, the judgment of the district court is affirmed. Moulton's motion to file an amended reply brief and to correct the record is denied.
 
 
 
 [1]
 The Honorable Lyle E. Strom, Chief Judge, United States District Court for the District of Nebraska