Eddie OLINEY, Plaintiff-Appellant,

v.

Samuel GARDNER, et al.,
Defendants-Appellees.

No. 85–3142
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Sept. 20, 1985.
Rehearing Denied Oct. 28, 1985.

Trestman & Pierce, Donald M. Pierce, Evan F. Trestman, New Orleans, La., for plaintiff-appellant.

Timothy G. Schafer, New Orleans, La., for defendants-appellees.

Before POLITZ, GARWOOD and JOLLY, Circuit Judges.

GARWOOD, Circuit Judge:

Plaintiff, Eddie Oliney, appeals from the district court's grant of defendants' Motion to Dismiss for lack of subject matter jurisdiction. We affirm.

## FACTS AND PROCEEDINGS BELOW

On September 10, 1982, plaintiff-appellant, Eddie Oliney, a Louisiana resident, initially filed a personal injury suit, arising from an automobile-pedestrian accident, which occurred on September 21, 1981 in Jefferson Parish, Louisiana, in the United States District Court for the Eastern District of Louisiana. He alleged diversity of citizenship as the basis for federal court jurisdiction. This initial complaint, No. 82–4031, was assigned to Section A of the Court and named as defendants Samuel Gardner and Morris Gardner, alleged to be citizens of the state of Texas, and United Services Automobile Association, their insurance carrier. Appellant filed amended complaints on January 19, 1983 and on May 1, 1984. A petition was also filed in the 24th Judicial District Court for the State of Louisiana, Parish of Jefferson. Service of the federal court complaint was perfected as to Samuel Gardner and USAA, but service of the state court petition was withheld.

On September 5, 1984, the federal court lawsuit, No. 82–4031, was dismissed for lack of subject matter jurisdiction. At the time the action was filed, there was not complete diversity of citizenship as plaintiff Eddie Oliney and defendant Samuel Gardner were both citizens of the state of Louisiana. *Strawbridge v. Curtiss,* 7 U.S. 267, 3 Cranch 267, 2 L.Ed. 435 (1806). Samuel Gardner came to Louisiana in 1978 seeking employment. Except for a brief period in the fall of 1980, when he attended a semester of college in Austin, Texas, he resided in Louisiana with the intention of remaining indefinitely. He maintained that intention until October 1982, over a year after the original suit was filed. He then moved to St. Louis, Missouri. Motions for Reconsideration and for New Trial, filed on September 13, 1984, were denied on October 9, 1984. On October 5, 1984, an appeal of the dismissal of No. 82–4031 was noticed by appellant. This appeal was dismissed for want of prosecution on December 13, 1984.

On August 6, 1984, prior to the dismissal of No. 82–4031, but after the motion to dismiss had been filed therein, appellant filed another complaint asserting the same allegations against the same three defendants in the United States District Court for the Eastern District of Louisiana. That suit, No. 84–3853, was assigned to Section D of the court. Appellant did not comply with Local Rule 2.5 of the Eastern District of Louisiana, which requires a plaintiff to

inform the court of any pending action involving the same parties and issues. Service of the complaint was withheld until after No. 82–4031 was dismissed. While proceedings were being had and action taken on the motion to dismiss in No. 82–4031, the defendants and the court were unaware that No. 84–3853 had been filed.[1]

Defendants filed a motion to dismiss in No. 84–3853 for lack of subject matter jurisdiction on grounds that the prior decision in No. 82–4031 would have *res judicata* or collateral estoppel effect. In dismissing No. 84–3853 for lack of subject matter jurisdiction, the district court cited 28 U.S.C. section 1653, treating the second complaint as nothing more than an amendment to the initial action, No. 82–4031, which would therefore relate back to the original filing

in that suit when diversity of citizenship did not exist. Plaintiff-appellant appeals the grant of the Motion to Dismiss.

## DISCUSSION

■■■ Citizenship of a party as of the commencement of the action is controlling in determining diversity jurisdiction. *Gaines v. Dixie Carriers, Inc.*, 434 F.2d 52, 54 (5th Cir.1970). *See* Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 3608 at 458–459. Had appellant attempted to amend his initial complaint in No. 82–4031 to reflect the defendant's change of citizenship, under Fed.R.Civ.P. 15(c),[2] the amendment would relate back to the date of the original pleading.[3] *See Field v. Volkswagenwerk*

---

1. The plaintiffs were, however, in active contact with the court in No. 82–4031 during this time following the filing of No. 84–3853, as is reflected by the following from the court's September 5, 1984 memorandum dismissing No. 82–4031, viz:

   "The Court notes that this matter has been delayed on several occasions in response to requests from plaintiff's attorney. The motion was filed on July 18, 1984 and originally set for hearing on August 8, 1984. Plaintiff's opposition which was due August 1st was not filed until August 6th, at which time he filed a motion to have the matter continued to August 22, 1984. The motion set for August 22nd was continued and taken under submission after plaintiff's attorney notified the Court (on the morning of the 22nd) that he was too ill to attend that day's proceedings. In response to plaintiff's attorney's urging that additional information should be presented to the Court prior to its ruling, the Court granted plaintiff an additional 5 days, or through August 27, 1984 to submit supplemental memoranda. On August 27, 1984 at 7:45 P.M. (after the close of regular business hours of the Court) plaintiff filed a nine line supplemental memorandum. The next day (August 28th) plaintiff's attorney appeared in chambers seeking ex parte to convey to the Court's law clerk and this Judge that defendant's motion to dismiss was based on perjured affidavits and that the Court's decision should be delayed until he could present this information for the Court's consideration. The Court admonished plaintiff's attorney [and] ... advised counsel for plaintiff if he had anything further to argue or present to the Court he should do so in writing and in accordance with the rules. Although the Court indicated to counsel it was ready to rule on the motion,

   this Court has delayed until this date making its ruling in order to ascertain if plaintiff would file with the Court any additional matters which might be considered. As of this date, 8 days later, plaintiff has not filed with the Court any additional matters to be considered."

2. Fed.R.Civ.P. 15(c) provides in pertinent part:
   "(c) **Relation Back of Amendments.** Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."

3. Actually there would have been no substantial occasion for amendment, because both complaints alleged that defendant Samuel Gardner was a citizen of a state other than Louisiana (the first suit alleged Texas, the second did not specify which other state).

   Appellant cites *Luker v. Nelson*, 341 F.Supp. 111, 114–15 (E.D.Ill.1972) for the proposition that, if a jurisdictional defect which led to a dismissal is cured or loses controlling force, a second suit is no longer barred and the merits may be reached. However, the facts of that case are entirely different from those in the instant case. In that case, the defendants had a state court suit for false arrest dismissed as to them because the plaintiff had not complied with the jurisdictional prerequisite stated by an Illinois statute of giving notice to a municipality within six months after accrual of certain types of actions before it or its employees could be sued. These defendants then argued that the dismissal in state court should have *res judicata* effect when they were sued in federal court by the same plaintiff in a civil rights action based

*AG*, 626 F.2d 293 at 304–306 (3d Cir.1980). *See also Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 512 (5th Cir.1984); *Pressroom Unions-Printers League Income Security Fund v. Continental Assurance Co.*, 700 F.2d 889, 893 (2d Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 148, 78 L.Ed.2d 138 (1984). This is, of course, a necessary corollary of the rule "that if diversity of citizenship did not exist when the action was commenced, it cannot be created by a later change of domicile by one of the parties." Wright, Miller & Cooper, *supra* at 458.

■ Furthermore, appellant "had no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant[s]." *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir.1977). When a plaintiff files a second complaint alleging the same cause of action as a prior, *pending*, related action, the second complaint may be dismissed. *Id; see also Zerilli v. Evening News Association*, 628 F.2d 217, 222 (D.C.Cir.1980) (claim against federal defendants dismissed on ground that "the count is precisely the same as a count pending in a related case ... between the same parties before this Court"); *Sutcliffe Storage and Warehouse Co. v. United States*, 162 F.2d 849, 851 (1st Cir.1947) (citing Moore's *Federal Practice* to effect that pendency of prior pending action in same federal court is grounds for abatement, there dismissal, of second action as there is no reason why courts should be bothered or litigant harassed with duplicating lawsuits on the same docket).

The Eastern District of Louisiana has provided a method for notifying the court that a related action is pending so that such actions will go before the same judge, who could then dismiss the second suit as duplicative. Appellant did not comply with the local rule, which requires making it known by certificate that a pending suit

between the parties involving the same issues exists, nor was process served until after the initial suit was dismissed. He kept the filing of the second suit hidden from the court and opposing counsel. As the Third Circuit has pointed out, the district court must ensure that the plaintiff does not use the incorrect procedure of filing duplicative complaints to expand the procedural rights he would otherwise enjoy—particularly for the purpose of circumventing the rules pertaining to the amendment of complaints. *Walton v. Eaton Corp.*, 563 F.2d 66, 71 (3d Cir.1977). In the instant case, had appellant amended his initial complaint to reflect the change of one defendant's citizenship, this amendment would have related back to the initial filing in which non-diversity had already been determined. If appellant desired to file a second suit while the first suit was still pending, he should have complied with local rule 2.5 of the Eastern District of Louisiana and had process served to notify the court and opposing counsel of the new lawsuit so that it could have been properly disposed of if found to be duplicative. Finally, appellant could have waited until final judgment had been rendered in his first suit and the appeal dismissed before filing a second suit. At that point, any new or changed facts pertaining to diversity jurisdiction could have been properly alleged.

■ Appellant did not use a proper method for dealing with the fact that citizenship of one of the defendants had changed since the filing of the initial suit. Instead, he deliberately attempted to circumvent both local rule 2.5 of the Eastern District of Louisiana and Fed.R.Civ.P. 15 by filing, and failing to inform the court or opposing counsel of a second identical suit while the first suit was still pending. Once the second duplicative suit came to light, the district court could properly dismiss the second suit as duplicative of the first,

upon the same events as the state court suit. However, the second suit in federal court was based upon federal question jurisdiction under federal statutes. Therefore, the federal court was not sitting as an adjunct of the state court,

and the state court's ruling on jurisdiction based upon the state jurisdictional statute was not binding on the federal court so long as it found that the plaintiff had met the federal requisites for jurisdiction in federal court. *Id.* at 115.

which was still pending. We therefore affirm the district court's grant of defendants' motion to dismiss.

AFFIRMED.