976 F.2d 737
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carol LANIER, Plaintiff-Appellant,
v.
Barbara HAYNES, a/k/a Barbara Fletcher; Harold Long; Louis
Alexander, Sr., Defendants-Appellees.
 No. 91-55505.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 22, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Carol Lanier appeals pro se the district court's order dismissing her complaint for lack of personal jurisdiction over the defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 * Background
 
 
 4
 On August 1, 1986, Lanier's father died in North Carolina. Lanier, a resident of California, contacted and hired the defendant, Louis Alexander, a North Carolina attorney with no business activities in California, to represent her interest in the estate of her father. Lanier hired Alexander to challenge the appointment of Barbara Fletcher, who claimed to be the wife of the deceased, as administratrix of the estate and to pursue Lanier's claim that she as the only surviving heir. After a hearing in July 1987, defendant Harold Long, Clerk of the Superior Court of Yadkin County, North Carolina, found that Fletcher was the wife of the deceased and heir to the estate. Lanier appealed without success to the Yadkin County Superior Court, the North Carolina Court of Appeals, and the North Carolina Supreme Court. In June 1990, Lanier filed this diversity action in the United States District Court for the Southern District of California against her former attorney, Alexander, his law firm, the beneficiary of her father's estate, Fletcher, the court clerk, Long, and John Does 1-15, all North Carolinian residents. Lanier's complaint contains various tort, fraud, and contract claims alleging that the defendants conspired to deprive her of her rightful inheritance. The district court dismissed the action without prejudice for lack of personal jurisdiction.[1]
 
 II
 Standard of Review
 
 5
 We review de novo the district court's dismissal for lack of personal jurisdiction. Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir.1990).
 
 III
 Analysis
 
 6
 "There are two limitations on a court's power to exercise personal jurisdiction over a nonresident defendant: the applicable state personal jurisdiction rule and constitutional principles of due process." Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir.1990).
 
 
 7
 California's personal jurisdiction statute states: "A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States." Cal.Civ.Proc.Code § 410.10. Thus, California's statutory limitation on the exercise of personal jurisdiction over a nonresident defendant is "coextensive with the outer limits of due process ... [and] constrained only by constitutional principles." Id. at 1361 (quotations omitted).
 
 
 8
 Constitutional due process bars a court's assertion of jurisdiction over a nonresident defendant unless the defendant has certain minimum contacts with the forum state. Id. (forum state's assertion of jurisdiction must not offend traditional notions of fair play and substantial justice). The defendant's contact with the forum state "must be such that the defendant should reasonably anticipate being haled into court there." Id. (quotations omitted).
 
 
 9
 Personal jurisdiction over a nonresident defendant may be either general or specific. Id. A court may invoke general jurisdiction if the defendant's activities in the forum state "are substantial or continuous and systematic, even if the cause of action is unrelated to those activities." Id. (quotation omitted). Specific jurisdiction applies "if the defendant has sufficient contacts with the forum state in relation to the cause of action." Id.
 
 
 10
 Here, it is clear that none of the defendants has engaged in substantial or systematic activities within California which would give rise to general jurisdiction. See id. Thus, specific jurisdiction is the only possible basis for jurisdiction over the defendants. We use a three-part inquiry to determine whether a defendant's conduct within the forum state is sufficient to invoke specific jurisdiction: (1) did the defendant purposefully availed himself or herself of the privilege of conducting activities within the forum; (2) does the cause of action arise out of or result from the defendant's forum-related activities; and (3) is the exercise of jurisdiction reasonable. Id.
 
 
 11
 Here, none of the defendant's "purposefully availed" themselves of the privilege of conducting activities within the forum state such that they should reasonably anticipate being haled into a court in California. See id. at 1361-62 ("[o]ut-of-state legal representation does not establish purposeful availment of the privilege of conducting activities in the forum state, where the law firm is solicited in its home state and takes no affirmative actions to promote its business within the forum state").
 
 
 12
 Relying on Calder v. Jones, Lanier contends that the personal jurisdiction exists over the defendant's because they intentionally directed their conduct into the forum and caused harm to Lanier within the forum. See 465 U.S. 783, 789-90 (1984); Brainerd v. Governors of the University of Alberta, 873 F.2d 1257, 1259 (9th Cir.1989). We find that the alleged activities of the defendants were not "purposefully directed" at the forum state, California. Accordingly, the district court properly dismissed the defendants for lack of personal jurisdiction.[2] See Sher, 911 F.2d at 1362.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 It appears that Lanier has filed a similar action against the same defendants in the United States District Court for the Middle District of North Carolina. Thus, even if we were to find that the district court had personal jurisdiction over the defendants, this action would be subject to dismissal as either duplicative of her North Carolina action or barred on res judicata grounds. See, e.g., Oliney v. Gardner, 771 F.2d 856, 859 (5th Cir.1985)
 
 
 [2]
 Because we find that the defendants did not purposefully avail themselves of the privileges of the forum states, we need not address the other prongs of the specific jurisdiction test