Carol G. CHINN, et al.

v.

**GIANT FOOD, INC., et al.**

**Civil No. JFM-99-3590.**

United States District Court,
D. Maryland.

June 2, 2000.

JoAnn Patricia Myles, Largo, MD, for Plaintiffs.

Kumiki Gibson, Adams L. Perlman, Michael K. Ross, Williams & Connolly, Washington, DC, for Defendants.

## MEMORANDUM

MOTZ, District Judge.

This action has recently been transferred to me by Judge Alexander Williams, Jr. It is related to three actions presently pending before me, *Carson v. Giant Food, Inc.*, Civil No. JFM–96–2882, *Muhammad v. Giant Food, Inc.*, Civil No. 98–3565, and *Adams v. Giant Food, Inc.*, Civil No. 99–1244. Defendants have filed a motion to dismiss and for reimbursement of their fees and costs pursuant to 28 U.S.C. § 1927. The motion to dismiss will be granted in part and denied in part. Defendants' request for reimbursement of fees and expenses will be granted.

### I.

This action, *Carson*, and *Muhammad* are all putative class actions for employment discrimination brought on behalf of all current and former African–American employees of Giant. *Adams* involves individual claims for employment discrimination asserted by African–American employees of Giant. *Adams* is not presently a class action although at one time plaintiffs sought to make it one.

Discovery is nearing an end in *Carson* and *Muhammad*, and summary judgment motions are due to be filed after the completion of discovery in both cases. Discovery in the cases has been difficult. Numerous disputes have arisen requiring resolution by the court, and various extensions have been granted. Recently, I ordered that no further extensions would be granted.

There were originally twenty-four plaintiffs in *Adams*. Defendants moved to sever the case into separate actions on the ground that plaintiffs' claims did not meet the joinder requirements of Fed.R.Civ.P. 20(a). In response to that motion, plaintiffs' counsel moved for leave to amend the complaint to add four additional plaintiffs (including the two lead plaintiffs in this action, Carol Chinn and Martha Goodwin), and to add class action allegations identical to those in *Carson* and *Muhammad*. Defendants opposed plaintiffs' motion for leave to amend on numerous grounds, including plaintiffs' failure to attach a copy of the proposed amended pleading as required by Local Rule 103.6.a. Plaintiffs then withdrew their motion for leave to amend and commenced this action on be-

half of Chinn and Goodwin. Thereafter, I granted defendant's motion to sever and ordered that nineteen of the originally named plaintiffs in *Adams* file separate and independent actions.

Local Rule 103.b directs counsel filing a new case to identify it as being related to another case pending in the court if the cases "(1) arise from the same or identical transactions, happenings, or events; (2) involve the identical parties or property; ... or (4) for any other reason would entail substantial duplication of labor if heard by different judges." Plaintiffs' counsel did not designate this action as being related to *Carson, Muhammad,* or *Adams.* Instead, she claimed that it was related to *Hinton v. Giant Food, Inc.,* Civil No. AW–98–1505, which was assigned to Judge Williams. Subsequently, after I had granted defendants' severance motion in *Adams,* plaintiffs' counsel filed an amended complaint in this action adding as plaintiffs seventeen of the plaintiffs whom I had ordered to file separate and independent actions of their own.

On April 10, 2000, defendants moved to have this action reassigned to me. On May 24, 2000, Judge Williams granted that motion. Presently pending is defendants' motion to dismiss the first amended complaint and for reimbursement of fees and expenses.

## II.

The procedural history of this case makes clear that plaintiff's counsel has improperly attempted to circumvent this court's rulings.

First, counsel's failure to identify *Carson, Muhammad,* and *Adams* as related cases when filing this action was a transparent effort to "judge-shop." Second, the joinder in this action of the seventeen plaintiffs who had been severed from *Adams* was in direct violation of this court's order directing that those plaintiffs file separate and individual actions of their own. Third, in opposing defendant's motion to dismiss in this action, plaintiffs'

counsel has conceded that her very purpose in filing this action was to pursue claims she contends she has been unable to pursue because of the time constraints imposed by the scheduling orders issued (and extended) by this court in the *Carson* and *Muhammad* cases.

These efforts by plaintiffs' counsel to manipulate the judicial process cannot be countenanced. In order to protect the integrity of this court's processes, the following rulings are required: (1) dismissal without prejudice of claims asserted on behalf of the putative class; (2) dismissal with prejudice of the Title VII and ADEA claims of fifteen of the former plaintiffs in the *Adams* case; and (3) dismissal without prejudice of the other individual claims asserted by those fifteen plaintiffs and all of the individual claims asserted by the other two former *Adams* plaintiffs. The individual claims asserted by Chinn and Goodwin will not be dismissed. If, however, defendants contend that the claims do not meet the joinder requirements of Fed. R.Civ.P. 20(a), defendants may move to have the claims severed and to require that Goodwin file a separate and independent action.

### A.

The cases are legion that a party may not institute new actions duplicating existing litigation. *See generally Oliney v. Gardner,* 771 F.2d 856, 859 (5th Cir.1985) ("When a plaintiff files a second complaint alleging the same cause of action as a prior, pending, related action, the second complaint may be dismissed."); *Zerilli v. Evening News Ass'n,* 628 F.2d 217, 222 (D.C.Cir.1980) (dismissing a claim that was "precisely the same as a count pending in a related case ... between the same parties before this Court") (quoting district court opinion); *Walton v. Eaton Corp.,* 563 F.2d 66, 70 (3rd Cir.1977) (holding that a litigant has "no right to maintain two separate actions involving the same subject matter at the same time in the same court

and against the same defendant"); *Sutcliffe Storage & Warehouse Co. v. U.S.*, 162 F.2d 849, 851 (1st Cir.1947) ("There is no reason why a court should be bothered or a litigant harassed with duplicating lawsuits on the same docket."); *see also In re Cypress Semiconductor Securities Litigation*, 864 F.Supp. 957, 959 (N.D.Cal.1994) ("The filing of a successive, identical class action qualifies as abusive.").

■ The principle upon which these decisions are based must be applied here to dismiss the class action claims asserted by plaintiffs. Otherwise, this court would lose all authority and power to manage its own docket. As indicated above, plaintiffs' counsel has acknowledged that this action was instituted to avoid the "constraints" established by the scheduling order issued by this court in the *Carson* and *Muhammad* cases. If a litigant were permitted to do that which plaintiffs' counsel assert her clients have the right to do, scheduling and other management orders issued by a court would be entirely without force and effect.

The dismissal of the class action claims will be without prejudice so that the rights of the members of the putative classes in *Carson* and *Muhammad* are not adversely affected.

**B.**

■ As indicated above, the joinder in this action of seventeen plaintiffs who had been severed from the *Adams* case was in direct violation of this court's order directing that those plaintiffs file separate and individual actions of their own. The doctrine of the law of the case prevents such a stratagem. *See United States v. Aramony*, 166 F.3d 655, 661 (4th Cir.1999).

The dismissal of all of the claims asserted by plaintiffs Johnson and McNeil and the dismissal of the Section 1981 claims asserted by all of the plaintiffs will be without prejudice. The Title VII and ADEA claims asserted by the other former *Adams* plaintiffs will, however, be dismissed with prejudice on the ground that they are time-barred.

Title VII and the ADEA both require that a plaintiff commence a court action within ninety days of receipt of his or her right to sue notice from the EEOC. *See* 42 U.S.C. § 2000e–5(f)(1); 29 U.S.C. § 626(e). Here, the former *Adams* plaintiffs (other than Johnson and McNeil) received their right to sue notices between January 29 and March 12, 1999—more than a year before the amended complaint in this action was filed.[1] Although equitable tolling of the time limitations can be found if "the defendant has wrongfully deceived or misled the plaintiff in order to conceal the existence of the cause of action," *English v. Pabst Brewing Co.*, 828 F.2d 1047, 1049 (4th Cir.1987), tolling obviously is not appropriate in this case.

■ Nor can plaintiffs rely, as they seek to do, upon the pendency of the *Carson* and *Mohammad* putative class actions to toll their deadlines for filing their Title VII and ADEA claims. As a general proposition, "[t]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties" had

1. In my order severing and dismissing the claims asserted by these plaintiffs in the *Adams* case, I provided (with defendants' acquiescence) a sixty-day grace period for plaintiffs to file separate and independent actions without limitations running against them. Plaintiffs contend that they did attempt to assert their claims by filing an amended complaint in this action within the sixty-day grace period but that their amended complaint was returned because of a failure to comply with Local Rule 103.6(c) pertaining to the form of amended pleadings. Assuming that occurred, plaintiffs waited an additional six weeks after the alleged return of their proposed amended complaint before filing an amended complaint in a manner that complied with the Local Rules. In any event, the filing of the amended complaint in this action was not sufficient to trigger the sixty-day grace period since it was in defiance of this court's order that the plaintiffs file separate and independent actions.

the suit been permitted to continue as a class action. *American Pipe & Const. Co. v. Utah*, 414 U.S. 538, 554, 94 S.Ct. 756, 38 L.Ed.2d 713 (1974). However, that rule does not apply "to protect the individual plaintiff who files an independent action after the statute of limitations has expired but before a certification decision has been rendered in a timely class complaint which supposedly includes the plaintiff." *Stutz v. Minn. Mining & Mfg. Co.*, 947 F.Supp. 399, 404 (S.D.Ind.1996); *see also Chemco, Inc. v. Stone, McGuire & Benjamin*, 1992 WL 188417, at *2 (N.D.Ill. July 29, 1992); *In re Brand Name Prescription Drugs Antitrust Litig.*, 1998 WL 474146, at *7–9 (N.D.Ill. Aug.6, 1998).[2]

### III.

█ Finally, I will permit defendants to recover at least partial reimbursement for the fees and expenses they have incurred in connection with the filing of this motion. I do so reluctantly given the relative economic positions of the parties. However, it could not be clearer that plaintiffs' counsel has "multiplie[d] the proceedings in [this] case unreasonably and vexatiously" in violation of 28 U.S.C. § 1927. Defendants should submit an affidavit supporting their request for reimbursement within fourteen days of the date of this order.

A separate order effecting the rulings made in this memorandum is being entered herewith.

### ORDER

For the reasons stated in the accompanying memorandum, it is, this 2nd day of June 2000

ORDERED

1. Defendants' motion to dismiss the first amended complaint and for reimbursement of their fees and costs is granted in part and denied in part;

2. Any and all class action claims are dismissed without prejudice;

3. All claims asserted by plaintiffs Johnson and McNeil are dismissed without prejudice;

4. Any and all claims asserted under 42 U.S.C. § 1981 by plaintiffs Adams, Beale, Booker, Bowling, Clark, Contee, Cooper, Henry, Jefferson, Lewis, McCarter, McPhatter, Shorter, Smith, and Tilghman are dismissed without prejudice;

5. Any and all Title VII and ADEA claims asserted by Adams, Beale, Booker, Bowling, Clark, Contee, Cooper, Henry, Jefferson, Lewis, McCarter, McPhatter, Shorter, Smith, and Tilghman are dismissed with prejudice; and

6. Defendants shall submit an affidavit within fourteen days of the date of this order in support of their request for reimbursement of their fees and costs.

---

2. Furthermore, it is questionable whether the *American Pipe* rule should be applied to permit plaintiffs to avoid complying with the time deadlines established by Title VII and the ADEA for their individual claims simply because they are members of a potential class in a putative class action. If the rule were so applied, the entire structure for timely dispute resolution established by Title VII and the ADEA would be undermined.